Filed Nov. 14, 1894.

———————◆———————

No. 17,028.

THE CITY OF HUNTINGTON *v.* BURKE.

APPELLATE COURT.—*Jurisdiction.*—*Money Demand.*—*Transfer of Cause.*
—The jurisdiction on appeal of a money demand for less than $3,-500, is in the Appellate Court, and where, by mistake of the clerk, the case is docketed in the Supreme Court, the cause will be transferred to the proper court.

From the Wabash Circuit Court.

*J. B. Kenner, U. S. Lesh* and *M. L. Spencer,* for appellant.

*C. W. Watkins, Z. T. Dungan* and *B. F. Ibach,* for appellee.

McCABE, J.—This was a suit commenced in the Huntington Circuit Court by the appellee, to recover damages against the appellant for alleged injuries sustained by appellee on account of the 'alleged negligence of the appellant, the amount demanded in the complaint being for less than $3,500. The court overruled a demurrer to the evidence and rendered judgment in favor of the appellee for $850. The appellant prayed an appeal to the Appellate Court, which was granted. The clerk, by mistake, has docketed the appeal in this court.

The statute provides that "In any case wherein an appeal has been taken from a lower court to the Appellate

Court, and the same should have been taken to the Supreme Court, it shall be the duty of the Appellate Court, on its own motion, to cause such case to be transferred to the Supreme Court, and in any cause where an appeal has been taken to the Supreme Court when it should have been to the Appellate Court, it shall be the duty of the Supreme Court, of its own motion, to cause such case to be transferred to the Appellate Court, and the action of such court in making such transfer shall be final." 1 Burns R. S. 1894, section 1362; Acts of 1893, p. 31, section 3.

While this case does not fall within the exact letter of the statute quoted, it falls within the spirit and intent of the act. The cause is therefore transferred to the Appellate Court, the amount in controversy being less than $3,500, and the action being for the recovery of a money judgment only, the Appellate Court has the exclusive jurisdiction of the appeal. 1 Burns R. S. 1894, section 1336; Acts 1893, p. 29, section 1.

